UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE C. WITTMAN,

        Plaintiff,                                    No. 18-14063

v.                                                    District Judge Matthew F. Leitman
                                                      Magistrate Judge R. Steven Whalen

DURHAM SCHOOL SERVICES/
NATIONAL EXPRESS CORP.,
ET AL.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On May 6, 2019, Plaintiff Gregory C. Wittman filed a second amended complaint alleging violations of Title VII of the Civil Rights Act of 1964 and §§ 5(a)(1) and 11(c) of the Occupational Safety & Health Act [ECF No. 19].  Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction [ECF No. 20], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that the second amended complaint be DISMISSED WITH PREJUDICE.

**I.   FACTS**

Plaintiff filed his original complaint on December 27, 2018 [ECF No. 1].  On January 8, 2019, the Court, finding lack of subject matter jurisdiction, ordered Plaintiff to show cause why the complaint should not be dismissed, or in the alternative, to file an amended complaint "containing sufficient factual allegations to establish this Court's subject matter jurisdiction." [ECF No. 9, PageID.24].

-1-

Plaintiff filed an amended complaint on January 14, 2019 [ECF No. 10], and Defendant filed a motion to dismiss on January 29, 2019 [ECF No. 14].  On March 22, 2019, the Court, again finding deficiencies in Plaintiff's pleading, ordered him to show cause why Defendant's motion should not be granted [ECF No. 16].   Following Plaintiff's response to the show cause order, the Court ordered him to file a second amended complaint, with instructions that the factual allegations be set forth in numbered paragraphs and that each claim for relief be set forth in separate, numbered counts, "identifying the statute or common law rule on which the claim is based." [ECF No. 18, PageID.67]. The Court denied the motion to dismiss as moot. *Id*.

Plaintiff filed his second amended complaint on May 6, 2019 [ECF No. 19].  He alleges that on May 29, 2018, Defendants Stacy Bobzean and Cheri Henrion denied him a safe work environment "by refusing to replace an abusive co-worker on Plaintiff's school bus." *Second Amended Complaint* [ECF No. 19], ¶ 1.[1]  He alleges that on June 1, 2018 Defendant Bobzean wrongfully suspended him for 90 days without pay "immediately after he (Plaintiff) filed a safety violation report of a Durham safety trainer that occured on Plaintiff's school bus #125 on May 30, 2019 [*sic*. 2018] which was caught on the bus video camera." *Id*. ¶ 2.  Based on these facts, Plaintiff claims violations of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3; (2) Section 5(a)(1) of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654(a)(1); and (3) Section 11© of OSHA, 29 U.S.C. § 654(b).  *Id*. ¶¶ 3-4.

---

[1] Neither Bobzean nor Henrion are named as Defendants in the caption of the second amended complaint, but were named in the original complaint, which Plaintiff states that he incorporates into the second amended complaint. He also incorporates facts from the original complaint into the second amended complaint.  This is not customarily how it's done. However, giving a liberal construction to this *pro se* pleading, I will read the second amended complaint as properly naming these Defendants and incorporating factual allegations from the original.

Plaintiff also "adopt[ed] the averments...presented in the original complaint" in his second amended complaint. *Id.*, ECF No. 19, PageID.71.  In that previous pleading, Plaintiff alleged that Defendant Bobzean was the General Manager for Durham School Services, and Defendant Henrion was a Safety Supervisor. *Complaint*, ECF No. 1, ¶¶ 13-14.  Plaintiff, a school bus driver, alleges that he informed the Defendants of the "violent verbal behavior" directed at him on three occasions by Francesca Brandon, a school bus monitor.  Plaintiff refused to drive with Brandon, and on May 29, 2018, after he asked Henrion for a different monitor, he was sent home for the day without pay.  Later that afternoon, Defendant Bobzean denied his request for a different monitor.  *Id.*  ¶¶ 18-20.

Plaintiff states that he had an annual driver evaluation on May 30, 2018, during which the evaluator, Carl Tabb, screamed at him and told him to not be distracted by what he (Tabb) was doing.  Following two subsequent evaluations, Defendant Bobzean, believing that Plaintiff's evaluations raised serious safety concerns, suspended him for 90 days without pay, with no guarantee of return to work. *Id.* ¶¶ 23-29.  Following meetings with union representatives, Bobzean refused to place Plaintiff back to work. *Id.* ¶ 32.  On August 2, 2018, Plaintiff resigned. *Id.* ¶ 33.

## II.    STANDARD OF REVIEW

### \    Rule 12(b)(1)

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The "[p]laintiff bears the burden of establishing that subject matter jurisdiction exists." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014).  (citing *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Dismissal under Rule 12(b)(1) is appropriate where a plaintiff lacks standing. *Ward v. Alternative*

*Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).[2]

## Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions.

---

[2] The Defendants bring a facial challenge to subject matter jurisdiction.  As opposed to a factual challenge, "[a] facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright* at 760.

-4-

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

#### A.   Title VII

Where a plaintiff claims employment discrimination under Title VII, he must establish a prima facie case by showing (1) he was a member of a protected class; (2) he was subject to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a person outside the protected class or similarly situated employees outside the protected class were treated more favorably. See *White v. Baxter Heatlhcare Corp.*, 533 F.3d 381, 391 (6th Cir.2008).  While this is an evidentiary standard, not a pleading requirement, *see Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012), a complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'... that [the defendant] 'discriminate[d] against [the plaintiff] with respect to his compensation, terms, conditions, or privileges of employment, because of his race, color, religion, sex, or national origin.'" *Id.* at 610 (quoting *Iqbal*, 556 U.S. at 679).

In this case, Plaintiff offers no factual allegations to plausibly suggest that he was subjected to any type of employment discrimination proscribed by Title VII.  We don't

know if he is a member of a protected class, nor do we know if his claim is based on race, sex, religion, national origin, or any other protected category. We don't know if he is claiming discrimination, harassment, or retaliation. We don't know if similarly situated employees were treated differently. Instead, Plaintiff has merely alleged, in conclusory fashion, that the Defendants violated Title VII. This is precisely the type of pleading–one that contains mere labels and conclusions–that is insufficient under *Iqbal*.

Because Plaintiff has failed to state a plausible claim under Title VII, that claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## B. OSHA §5(a)(1) and 11( c )

The Sixth Circuit has clearly held that neither OSHA nor the related regulations create a private cause of action that would be cognizable in this Court. See *Russell v. Bartley*, 494 F.2d 334, 335 (6th Cir.1974) (OSHA does not create a private civil remedy); *Minichello v. U.S. Industries, Inc.*, 756 F.2d 26 (6th Cir.1985) (OSHA can never provide a basis for liability); *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477 (6th Cir.1995) (OSHA does not support an independent, private cause of action). *See also Akers v. Wal-Mart Stores, Inc.*, 2011 WL 826246, at *4 (E.D. Tenn. 2011)("The exclusive remedy available under OSHA is for the Secretary to commence an investigation and a potential lawsuit against the employer.").

Because Plaintiff lacks standing to bring private claims under OSHA, those claims should be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## IV. CONCLUSION

I recommend that Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction [ECF No. 20] be GRANTED and that the second amended complaint be DISMISSED WITH PREJUDICE.

-6-

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir.  1991); United States v. Walters, 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.  1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 2, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

-7-